UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY FIDEL ALFORD,<br><br>    Plaintiff,<br><br>  v.<br><br>DR. MA,<br><br>    Defendant. | No. 2:13-cv-2493 KJM KJN P<br><br><br>ORDER |

      Plaintiff is a state prisoner, currently incarcerated at California State Prison-Sacramento, who is proceeding in forma pauperis and without counsel, in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendant Dr. Ma was deliberately indifferent to his serious medical needs, in violation of the Eight Amendment. Presently before the court are defendant's request to modify the scheduling order herein, and plaintiff's motion regarding notarial services.

I. <u>Request to modify scheduling order</u>

      On March 4, 2015, defendant Ma filed a request to modify the scheduling order herein, in order to extend the deadline for filing pretrial motions from January 5, 2015, to March 27, 2015. (ECF No. 22.) Counsel for defendant avers that his staff neglected to electronically calendar the deadlines set forth in the court's June 9, 2014 Discovery and Scheduling Order; counsel only discovered the mistake on March 4, 2015. Defendant filed the request to modify the scheduling

order on the same day.

Under Federal Rule of Civil Procedure 16, "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). According to the Ninth Circuit, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Defendant argues that he acted diligently under the standard set forth in Jackson v. Laureate, Inc., 186 F.R.D. 605 (E.D. Cal. 1999):

> (1) whether the movant was diligent in assisting the Court in creating a workable Rule 16 scheduling order, (2) whether the movant's noncompliance with deadlines occurred, notwithstanding its diligent efforts to comply, because of matters unforeseen at the time of the Rule 16 scheduling conference, and (3) whether the movant was diligent in seeking amendment of the scheduling order once it became apparent that it could not comply with the order.

Id. at 608 (internal citations omitted). According to defendant, he sought to modify the scheduling order on the very day that he discovered the error. He does not seek additional time to conduct discovery, but only to file a motion for summary judgment or summary adjudication.

The court is reluctant to modify the scheduling order. As defendant's counsel himself notes, on November 24, 2014, plaintiff filed a motion for an order regarding a notary, which is addressed below. The court is left to wonder why notice of the filing of this motion did not prompt counsel to check the status of the case, including any filing deadlines.

That said, the Federal Rules of Civil Procedure are to "be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. As defendant's anticipated motion may help narrow the issues presented at trial, thereby saving the court time and expense, it appears consonant with Rule 1 to grant defendant a modest extension of time. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole . . . ." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (citing Fed. R. Civ. P. 1). Moreover, counsel has been frank about the error and avers that he acted immediately to file his request, which is reflective of diligence.

////

1    Accordingly, the court finds good cause to modify the scheduling order in order to give
2    the parties until March 25, 2015, three weeks from the date defendant's counsel discovered the
3    error, to file pre-trial motions.  In so doing, the court is guided by decisions of other courts that
4    have modified scheduling orders under similar circumstances.  See, e.g., Flores v. Merced Irr.
5    Dist., No. 1:09-cv-1529 LJO DLB, 2010 WL 4877795 (E.D. Cal. Nov. 23, 2010) (finding good
6    cause to modify scheduling order based in part on diligence of plaintiff, who entered response
7    deadline in his master calendar under the wrong year); Masterpiece Leaded Windows Corp. v.
8    Joslin, No. 08–CV–0765–JM (JMA), 2009 WL 1456418 (S.D. Cal. May 22, 2009) (finding good
9    cause to modify scheduling order based on diligence of plaintiff, whose change of computer
10   systems caused him to inadvertently lose data).
11   II.  Motion for order re: notarial services
12       On November 24, 2014, plaintiff filed a motion entitled "Request for Court to Issue Order
13   to Custodian to Provide Plaintiff with Notary for Wells Fargo."  (ECF No. 21.)  In it, plaintiff
14   explains that he requires assistance from the court regarding a check that was stolen from him and
15   cashed without his authorization and signature.  Plaintiff believes that the check was cashed at a
16   Wells Fargo bank branch in San Francisco, California; Wells Fargo has informed plaintiff that the
17   bank requires a notarized signature before it can provide the information he seeks.  Plaintiff, in
18   turn, cannot obtain a notarized signature without paying $10.00, which exceeds the sum in his
19   prison trust account.  Consequently, plaintiff requests that the court either direct the prison to
20   provide him with a notary or that the court "do [sic] the notary and add the $10.00 notary fee to
21   the statutory fee of $350.00," (id. at 2-3), i.e., the filing fee for the action herein which plaintiff is
22   being permitted to pay in monthly installments.
23       While the court sympathizes with plaintiff's predicament, the order he seeks is beyond the
24   court's power and jurisdiction to issue.  The allegedly-stolen check is not at issue in this action.
25   Neither the California Department of Corrections and Rehabilitation, nor a relevant official at
26   California State Prison-Sacramento, either or both of which would presumably have the power to
27   provide plaintiff with notary services, is named as a party herein.  The statute under which the
28   court is authorized to allow litigants to proceed in forma pauperis, 28 U.S.C. § 1915, only applies

3

to fees for the "commencement, prosecution, or defense of any suit, action, or proceeding, civil or criminal, or appeal therein," not for notarial services. Finally, the court lacks any means to directly provide plaintiff with a notary. Consequently, as the court lacks the authority to issue the relief plaintiff seeks, the court must deny his motion.

III. Conclusion

In light of the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's request to modify the scheduling order herein (ECF No. 22) is granted.

2. The Discovery and Scheduling Order (ECF No. 19) is hereby amended to provide that all pretrial motions, except motions to compel discovery, shall be filed on or before March 25, 2015.

3. Plaintiff's motion for a court order regarding notarial services (ECF No. 21) is denied.

Dated: March 16, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/alfo2493.36+notary