UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY FIDEL ALFORD, | No. 2:13-cv-2493 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| DR. MA, | |
| Defendant. | |

I.    Introduction

Plaintiff is a state prisoner, proceeding pro se, with a civil rights action pursuant to 42 U.S.C. § 1983. On March 25, 2015, defendant Ma filed a motion for summary judgment. After being directed by the court to file an opposition, plaintiff opposed the motion on July 23, 2015. On November 20, 2015, defendant filed a motion for leave to file a late reply brief. The court hereby denies defendant's motion to file a late reply brief and denies the motion for summary judgment without prejudice to its renewal, as explained herein.

II.    Background

This case proceeds on plaintiff's original complaint against defendant Ma for deliberate indifference to plaintiff's serious medical needs. In his verified complaint, plaintiff alleges that defendant Dr. Ma violated plaintiff's Eighth Amendment rights by performing unauthorized surgery on plaintiff's right toe. ECF No. 1 at 3. Specifically, plaintiff alleges that defendant did

1

not have authorization to perform the surgery and was only supposed to scrape the fungus from plaintiff's toenail. Id. Plaintiff further alleges that defendant did not administer the proper amount of anesthesia during the surgery, causing plaintiff extreme pain, and did not give plaintiff immediate pain medication after the surgery. Id. Finally, plaintiff alleges that 72 hours after the surgery, defendant prescribed Tylenol 3 to plaintiff. Id.

### III. Defendant's Motion to File a Late Reply Brief

On November 20, 2015, defendant filed a motion requesting leave to file a late reply brief. (ECF No. 31.) As explained below, the court will require plaintiff to file a revised opposition to defendant's motion for summary judgment. Defendant will be given the opportunity to file a reply brief responsive to plaintiff's revised opposition. Accordingly, defendant's request for leave to file a late reply brief is denied as moot.

### IV. Defendant's Motion for Summary Judgment

Defendant Ma moves for summary judgment on the grounds that he was not deliberately indifferent to plaintiff's serious medical need and, in the alternative, that he is entitled to qualified immunity. (ECF No. 26.) In the declaration attached to his motion, defendant Ma asserts that he performed a minor surgery to remove plaintiff's right big toenail because plaintiff was in "significant pain" due to a fungal infection, and medication was not effective in treating the condition. (ECF No. 26 at 26.) Defendant asserts that toenail removal is appropriate when the patient is in pain and medications are not effective, and that after he explained the treatment options to plaintiff, plaintiff consented to the procedure. (Id.) Defendant further asserts that he gave plaintiff anesthesia before the procedure, additional anesthesia during the procedure, and 800 mg of Ibuprofen immediately after the procedure. (Id. at 27.) However, other than his own sworn declaration, defendant provides no medical records or other documentation to support his claims.

Plaintiff submitted an opposition to defendant's summary judgment motion and a declaration in support of his opposition. (ECF Nos. 30, 30-2.) However, plaintiff's opposition is not verified and plaintiff's declaration is not signed under penalty of perjury. Plaintiff did not submit any medical records or other documentation in support of his opposition. Accordingly,

plaintiff's only evidence in support of his opposition to defendant's motion for summary judgment is plaintiff's verified complaint.  (ECF No. 1.)

After careful review of the record, the court has determined that supplemental briefing is required for two reasons.  First, there appears to be a dispute of fact regarding whether plaintiff consented to having his toenail removed: defendant asserts in his declaration that plaintiff consented to the procedure, and plaintiff asserts in his verified complaint that he did not.  However, the significance of this factual dispute has not been adequately addressed in defendant's motion for summary judgment.

Specifically, defendant argues that even if plaintiff did not authorize defendant to remove his toenail, such failure to obtain consent does not constitute deliberate indifference under Section 1983.  (ECF No. 26 at 15.)  In support of his argument, defendant relies on three cases for the proposition that courts have dismissed claims brought by prisoners against medical personnel for failure to obtain informed consent.  (Id.)  However, in each case cited by defendant, *the plaintiff consented to the procedure performed* and alleged that he was not adequately informed of the risks or potential complications associated with the procedure.  See Aidnik v. California Dep't of Corr. & Rehab., No. CIV S-09-0154 FCD KJM, 2010 WL 5059691, at *3 (E.D. Cal. Dec. 6, 2010) (plaintiff scheduled for hernia surgery alleged that defendant failed to advise him of any potential long term problems from the surgery); Cardona v. Syverson, No. 2:11-CV-1680 TLN KJN, 2013 WL 3941019, at *11-12 (E.D. Cal. July 30, 2013) (plaintiff who consented to a liver biopsy alleged that defendant failed to inform him that the risks of a liver biopsy included a punctured lung); Martin v. Beck, No. 2:12-CV-0421-JFM PC, 2012 WL 4208303, at *3 (E.D. Cal. Sept. 19, 2012) (plaintiff alleged that defendant did not inform him of the potential side effects of laser oblation surgery and that had he been informed of the potential side effects, he would not have agreed to the surgery).  Accordingly, none of the cases cited by defendant directly address the specific issue raised by plaintiff's complaint – an alleged total lack of consent to the procedure performed.  Supplemental briefing will allow defendant to more fully address this issue.

////

3

Second, the court is troubled by the lack of evidence submitted in relation to defendant's motion for summary judgment. Although this case proceeds on a claim of deliberate indifference based on inadequate medical care, not a single medical record has been submitted by either party. Surely some records exist to support the allegations contained in defendant's declaration, which would allow the court to make a more informed determination regarding the issues raised in defendant's motion for summary judgment.

Accordingly, the parties are directed to proceed as follows. Defendant shall provide the court with a supplemental brief addressing the issue of consent, described above. As attachments to his supplemental brief, defendant is encouraged to submit any relevant records in support of his motion for summary judgment, such as: records related to past toenail scrapings defendant performed for plaintiff; records of past medications plaintiff may have been prescribed for his fungal infection; sick call slips submitted by plaintiff regarding issues with his toenail; a written consent form signed by plaintiff, if one exists; records related to the toenail removal procedure defendant performed on plaintiff; records indicating the amount of anesthesia given to plaintiff before and during the toenail removal procedure, and the manner in which it was administered; and records related to pain medication given to plaintiff immediately after the procedure and/or prescribed to plaintiff in the days following the procedure. It would also be helpful for defendant to inform the court whether the removal of plaintiff's toenail successfully cured plaintiff's fungal infection and whether plaintiff's toenail grew back, if defendant knows. Finally, in light of defendant's assertion that removal of plaintiff's toenail was appropriate because plaintiff was in "significant pain" and medication was not effective in treating plaintiff's condition, it would be helpful for defendant to address plaintiff's allegation that plaintiff was not experiencing pain on the day of the procedure until defendant began to remove plaintiff's toenail, as well as plaintiff's allegation that he was not previously on any medication to treat the fungal infection in his toenail.[1] (See ECF Nos. 30-1 at 2, 30-2 at 1, 2.)

---

[1] While the court recognizes that plaintiff made these allegations in his opposition and attached declaration, neither of which were signed under penalty of perjury, the court anticipates that plaintiff will raise these issues in his revised opposition to defendant's motion for summary judgment.

4

Defendant's motion for summary judgment is denied without prejudice to its renewal at the time defendant's supplemental brief is filed. Defendant is not required to re-file the previous motion *in toto*, but may simply re-notice the motion and refer to the prior filings.

In opposition to such re-notice, plaintiff shall file a complete revised opposition that includes the arguments contained in his July 23, 2015 opposition. Plaintiff is cautioned that the court will not read or rely on the July 23, 2015 opposition, but expects plaintiff's revised opposition to be complete in itself. Furthermore, the court will not consider the allegations contained in plaintiff's revised opposition as evidence unless plaintiff signs his opposition under penalty of perjury. When plaintiff submits his revised opposition, he may also submit medical records or other documentation in support of his opposition. Plaintiff may submit a revised declaration at that time, but **the court will only consider the allegations in the declaration as evidence if plaintiff signs the declaration under penalty of perjury**. Plaintiff is advised that the court will not consider the allegations contained in his July 20, 2015 declaration because plaintiff did not indicate that the declaration was signed under penalty of perjury.

Following the filing of plaintiff's revised opposition, defendant shall file a revised reply that is similarly complete in itself, with the exception that defendant may refer to the previously filed exhibits without re-filing. Following the filing of the revised reply, no further filings are allowed in connection to the motion for summary judgment.

V. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion for leave to file a late reply brief (ECF No. 31) is denied as moot.
2. Within sixty days from the date of this order, defendant shall file a supplemental brief addressing the issues described above.
3. Defendant's motion for summary judgment (ECF No. 26) is denied without prejudice to its renewal at the time his supplemental brief is filed. Defendant is not required to re-file the motion and supporting documents, but may reference the prior filings in the notice.

////

5

    4. Plaintiff shall file a revised opposition to the re-noticed motion within thirty days after the notice is served. Plaintiff must include all of his arguments and any new evidence within the revised opposition. Defendant's revised reply shall be filed twenty-one days thereafter.

    5. After defendant's revised reply is filed, briefing on the motion for summary judgment is closed, and no further filings in connection thereto are allowed.

Dated: January 8, 2016

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/alfo2493.vac.msj