UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRACY FIDEL ALFORD,

Plaintiff,

v.

DR. MA,

Defendant.

No.  2:13-cv-2493 KJM KJN P

FINDINGS & RECOMMENDATIONS

I.  Introduction

Plaintiff is a state prisoner.  On January 6, 2017, this action was dismissed without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure.  On April 24, 2018, plaintiff presented his motion for relief from judgment to prison officials for mailing.  (ECF No. 41 at 23.)[1]  Along with his motion, plaintiff filed his opposition and other supporting documents responsive to defendant's April 8, 2016 supplemental motion for summary judgment.  As set forth below, plaintiff's motion for relief from judgment should be denied as untimely.

II.  Legal Standard

Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or

---

[1]  Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities).

1

proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason justifying relief from the operation of judgment."[2]

Motions made under Rule 60(b) (1), (2), and (3) must be made no more than a year after the entry of the judgment or order or date of the proceeding."  Fed. R. Civ. P. 60(c)(1).

A motion under Rule 60(b)(6) "must be made within a reasonable time."  Fed. R. Civ. P. 60(c)(1).  Rule 60(b)(6) is used "sparingly as an equitable remedy to prevent manifest injustice." United States v. Aline Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993).  To qualify for relief under Rule 60(b)(6), plaintiff must "establish the existence of extraordinary circumstances."  Mackey v. Hoffman, 682 F.3d 1247, 1251 (9th Cir. 2012).  In addition, a party moving for relief under Rule 60(b)(6) "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion."  Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103(9th Cir. 2006) (internal quotation marks and alteration omitted).

III.  Discussion

Plaintiff's motion for relief from judgment is untimely, and should be denied.  Under Rules 60(b)(1), (2), and (3), he failed to file the present motion within a year after the judgment was entered.  Fed. R. Civ. P. 60(c)(1).  Therefore, the court lacks jurisdiction to consider the untimely motion under Rules 60(b)(1), (2), and (3).  See Nevitt v. United States, 886 F.2d 1187, 1188 (9th Cir. 1989) (holding that the district court lacked jurisdiction to consider an untimely motion under Rule 60(b)(2)).

The undersigned also finds plaintiff's motion untimely under Rule 60(b)(6).  Plaintiff states that on April 3, 2015, he learned his mother had died, and at that time it was his intent to pursue his claims in this case as well as in Alford v. Dang, 14-cv-0714 KJM EFB P (E.D. Cal.). However, the court in Dang noted that one month after learning of his mother's death, plaintiff

---

[2]  Subsection (4) "the judgment is void," and subsection (5) "the judgment has been satisfied," do not apply.  Fed. R. Civ. P. 60(b)(4), (5).

filed objections and a proposed amended complaint, yet failed to mention his mother's death in such objections. (Id. (ECF No. 31 at 4, citing ECF Nos. 17 & 18).)[3]  In the instant case, plaintiff filed a request to amend on June 1, 2015, but did not mention his mother's death. (ECF No. 28.) Nevertheless, the death of plaintiff's mother occurred well over a year and half before judgment was entered in this case. Given such time frame, her death does not constitute extraordinary circumstances for plaintiff's delay after January 6, 2017.

In addition, in Dang, plaintiff filed objections on March 20, 2017, less than a week after judgment was entered in that case. Id. Plaintiff fails to explain why he did not also seek relief in this case in March of 2017. Plaintiff states he has been "trying to diligently file," citing paragraphs 6, 7 and 8 of his declaration. In those paragraphs, he repeats that he has been trying to diligently file his request for relief and to comply with all court orders and rules, without requesting appointment of counsel or requesting an injunction. He states that when he was transferred he was on single cell status, but when he arrived at his new prison, he received a rules violation report on July 19, 2017, for not entering a cell that was occupied by an unknown inmate, and placed on C status. (ECF No. 41 at 4-5, 7.)[4]  However, plaintiff fails to explain how his transfer and receipt of a rules violation report in July of 2017 prevented him from earlier seeking relief in this action. Plaintiff continued to file documents in Dang, on August 25, 2017 (ECF Nos. 29 & 30), yet filed nothing in this action until the instant motion was filed on April 27, 2018. Absent additional facts not presented here, prison transfers, as well as the issuance of rules violation reports, are not extraordinary circumstances for California prisoners.

Importantly, plaintiff's filings in Dang demonstrate he was able to file documents with the court. Id.

////

////

---

[3]  The court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

[4]  Plaintiff also claims he "must file a preliminary injunction," and appears to state he will provide reasons for a request for preliminary injunction. (ECF No. 41 at 2, 5.) Plaintiff has not filed such a motion, and his current filing is insufficient for the court to construe as such a motion.

1    Therefore, the undersigned cannot find that plaintiff's delay in bringing his motion was

2    reasonable, or that extraordinary circumstances prevented him from earlier filing his motion

3    under Rule 60(b)(6).

4        Accordingly, plaintiff's motion for relief under Federal Rules of Civil Procedure 60(b)(1),

5    (2), (3), and (6) should be denied.

6    IV.  Conclusion

7        IT IS HEREBY RECOMMENDED that plaintiff's motion for relief from judgment (ECF

8    No. 41) be denied.

9        These findings and recommendations are submitted to the United States District Judge

10   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

11   after being served with these findings and recommendations, any party may file written

12   objections with the court and serve a copy on all parties.  Such a document should be captioned

13   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

14   objections shall be served and filed within fourteen days after service of the objections.  The

15   parties are advised that failure to file objections within the specified time may waive the right to

16   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17   Dated:  June 7, 2018

18

19                                    KENDALL J. NEWMAN
                                     UNITED STATES MAGISTRATE JUDGE
20   /alfo2493.60b

21

22

23

24

25

26

27

28

4